### RITTER et al. v. ERLICH.
### No. 136.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1945.

Samuel Shapiro, of New York City, for appellant.

Max Rockmore, of New York City, for appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ There was an implied warranty of quality, which included the condition of the cartons, since both parties knew that the eggs were to be resold in cartons by plaintiffs. The warranty was that they would be merchantable when delivered to the buyer. This occurred on October 13, 1943, when the warehouseman first separated the eggs allocated to plaintiffs by issuing a warehouse receipt to them. New York Personal Property Law, § 100, Rule 4, clause 1, Consol.Laws N.Y. c. 41.

■■ The measure of damages is "the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." Ibid, § 150, clause 7. Absent contrary proof, the contract price may be taken as proof of the value of the goods had they thus conformed. Schlossman & Sons, Inc. v. Gotte, Sup., 13 N.Y.S.2d 413; Hopkins & Co. v. Silverman, 234 App.Div. 224, 254 N.Y.S. 724. We assume, arguendo, that there was no available market for the eggs in the condition in which they were at the time of delivery, and that therefore such value could have been proved by proof of the best prices then, or within a reasonable time thereafter, obtainable through diligent efforts. But the only evidence as to such efforts was here insufficient. For plaintiffs show only that they withdrew the eggs in installments, the first withdrawal (of ten cartons) occurring on December 20, 1943, more than sixty days after delivery, the other withdrawals occurring much later. This left the record void of adequate proof of more than nominal damages. Moreover, there is only vague proof of the condition of the cartons on October 13, 1943, the only proof being the testimony of the warehouse manager that "some" of the 495 cartons were then broken. We must therefore reverse and remand for a new trial.

On a new trial, plaintiffs, in order to recover, should show (1) the value of the eggs as delivered on October 13, 1943, or (2) that such evidence is not available, and in that event, the best prices obtainable through diligent efforts made within a reasonable time thereafter. Plaintiffs must also show the condition of the cartons on October 13, 1943, and not merely that "some" were then broken. The storage charges should not be included in the damages.

Reversed and remanded.